United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Y.M.C.P., Petitioner, v. SERGIO ALBARRAN, et al., Respondents. | Case No. 26-cv-08341 **ORDER RE TEMPORARY RESTRAINING ORDER** |

Petitioner Y.M.C.P., a citizen of Venezuela, is being held in civil immigration detention in San Francisco, California. She filed a petition for a writ of habeas corpus and an application for a temporary restraining order for release from detention pending further proceedings. *See* Dkt. No. 1 (petition); Dkt. No. 4 (TRO). Respondents are Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; Lance Schroyer, Acting Director of United States Immigration and Customs Enforcement; Markwayne Mullin, Secretary of the United States Department of Homeland Security; and Todd Blanche, Attorney General of the United States, acting in their official capacities.

Petitioner is an asylum seeker who was previously placed in removal proceedings and released by the immigration authorities on her own recognizance. Dkt. No. 4-1 ¶ 8. She has remained out of immigration custody until her re-detention by ICE at a "routine ICE check-in" she attended earlier today. *Id.* ¶ 5. Petitioner acknowledges that she was arrested by the San Francisco Police Department in July 2026 for a misdemeanor battery charge following a domestic dispute with her husband, but she "remained out of custody pending resolution of her criminal case" and the "case remains unresolved and no allegations have been proven." *Id.* ¶ 10.

United States District Court
Northern District of California

On this record, the Court finds that petitioner has raised at least a serious question that her re-detention today was in violation of the preliminary injunction issued in *Garro Pinchi v. Noem*, No. 25-CV-05632-PCP, --- F. Supp. 3d ---, 2025 WL 3691938 (N.D. Cal. Dec. 19, 2025), which prohibited the government from re-arresting and re-detaining members of the certified class in that case without first making an individualized determination that there was a materially changed circumstance as to the class member's dangerousness or flight risk. Petitioner has similarly raised a serious question that her re-detention without a pre-deprivation hearing violates the Due Process Clause of the Fifth Amendment. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976); *Zadvydas v. Davis*, 533 U.S. 678, 690-93 (2001); *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

In light of petitioner's potentially unlawful detention and deprivation of her liberty, the balance of hardships tips sharply in her favor, *see Hernandez v. Sessions*, 872 F.3d 976, 996 (9th Cir. 2017), which, together with the serious question on the merits, supports the granting of a TRO. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The balance of equities and public interest, which merge in this case, also favor the granting of a TRO. *See Nken v. Holder*, 556 U.S. 418, 435 (2009); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005).

Consequently, a TRO is granted on the ensuing terms to preserve the status quo while the merits of the habeas petition are resolved:

(1) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are directed to immediately release from custody petitioner Y.M.C.P. Petitioner must be released no later than 10:00 a.m. on August 12, 2026, and the government will file a status report by 5:00 p.m. on August 12, 2026, confirming that petitioner has been released.

(2) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from detaining petitioner Y.M.C.P. without a pre-detention hearing before a neutral decisionmaker.

(3) Respondents will show cause in writing by August 17, 2026, why a preliminary injunction should not issue. Petitioner may file a response by August 20, 2026. If needed, a hearing will be set by further order.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so petitioner need not give security under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

This temporary restraining order was entered on August 11, 2026, at 10:10 p.m. and will expire in 14 days, unless extended by further order.

**IT IS SO ORDERED.**

Dated: August 11, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California